**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

ARNOLD B. MILLER,

            *

  Plaintiff,

            *

  vs.             Civil Action No.   AW-09-3369

            *

BANK OF AMERICA, N.A., *et al.*,

            *

  Defendants.

        ******

## MEMORANDUM OPINION

   Pending before the Court are several motions: (1) Defendants, Thiebolt Ryan, P.A. and Bruce Miller's, Motion for Protective Order (Doc. No. 4); (2) Defendants, Thiebolt Ryan, P.A. and Bruce Miller's Motion to Dismiss (Doc. No. 5); (3) Defendant, Bank of America, N.A.'s, Motion to Dismiss (Doc. No. 10); (4) Defendants, Thiebolt Ryan, P.A. and Bruce Miller's, Motion to Dismiss Amended Complaint (Doc. No. 19); (5) Defendant, Bank of America, N.A.'s, Motion to Dismiss Amended Complaint (Doc. No. 21); and (6) Plaintiff, Arnold B. Miller's, Motion for Leave to File Second Amended Complaint (Doc. No. 26).  The Court has reviewed the parties' motions and all supporting documents and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008).  For the reasons articulated below, the Defendants' motions to dismiss are **GRANTED**, and all other motions are **DENIED AS MOOT**.

## FACTUAL AND PROCEDURAL BACKGROUND

   The following facts are taken in the light most favorable to Plaintiff.  On May 27, 2005, Plaintiff, Arnold B. Miller ("Miller"), went to the Germantown, Maryland, branch of Bank of America ("BOA") to inquire about a $3,000.00 check that Gerry Ryminski  ("Ryminski") was trying to deposit into Miller's savings account from a New York Branch of BOA.  Miller alleges

that he asked a BOA employee, by the name of Ms. Filza,[1] to call the New York branch and ensure that the check to be deposited in Miller's account was indeed a cashier's check.  Miller claims that Ms. Filza told him that the New York office employee confirmed that the check was in fact a cashier's check.  Thereafter, Miller permitted BOA to deposit what he believed to be a cashier's check into his savings account.

The next day, May 28, 2005, Miller then withdrew $3,000.00 from his saving account, once he was told by BOA that the check had cleared, and sent the $3,000.00 back to the depositor, Ryminski.  Approximately two weeks after the incident, BOA informed Miller that the deposited check was not a cashier's check, but a company check written from an account that had closed five years prior to this incident.  Miller alleges that he informed BOA that a Germantown BOA branch employee confirmed with a New York BOA branch employee that the check was a cashier's check.  Miller offered to help the fraud unit of BOA recover the money from the depositor.  Miller alleges that the BOA fraud department told him that he was clear from any civil and criminal liability.  BOA then allegedly contacted the depositor to make arrangements to repay the money, but the depositor was only able to offer an assignment of a time-share, which BOA did not accept as payment.

BOA sued Miller in the District Court for Montgomery County, Maryland, on September 27, 2006, to recover the funds.  During the state litigation, BOA was represented by Thiebolt Ryan, P.A. ("TR"), a collection agency, and TR attorney Bruce Miller handled the matter. Miller claims that he received a letter from BOA accusing him of abusing his account.  BOA then reported in a bank index that Miller had abused his account.  Miller and BOA entered into a repayment agreement that settled the suit by BOA against Miller on May 28, 2008.  Under the agreement, Miller was to pay $75.00 a month, which was modified to $50.00 a month after

---

[1] The record does not provide her last name.

Miller represented that he was experiencing financial difficulties, but Plaintiff failed to make monthly payments as required under their agreement.  Upon failing to satisfy the agreement, BOA, through its counsel TR, filed a Motion for Entry of Judgment by Consent, and the District Court for Montgomery County, Maryland, entered judgment against the Plaintiff on April 1, 2009.  Apparently, Plaintiff did not appeal the judgment.  Throughout the state court litigation, Miller, through his attorney at the time, attempted to persuade BOA and its legal counsel to dismiss the suit, claiming that reporting Miller's account as "abused" was derogatory, inter alia, especially because Miller served as a law enforcement officer.

Upon unsuccessfully dismissing the state court collection action, Miller filed this current suit against BOA, TR, and Bruce Miller alleging defamation, breach of contract, duress, extortion, Fair Debt Collection Practices Act ("FDCPA") violations, conspiracy, witness tampering, misconduct by an officer of the court (Bruce Miller), and lying to the grievance commission, in the Circuit Court for Prince George's County, Maryland, in October 2009.  On December 16, 2009, the Defendants removed this case to the federal court under 28 U.S. § 1331, as the suit has a claim for the FDCPA under 15 U.S.C. § 1692.  Before removing the case, Defendants, TR and Bruce Miller, filed a Motion for a Protective Order and a Motion to Dismiss, both of which are currently pending.  (Doc. Nos. 4 & 5.)  Defendant BOA filed a Motion to Dismiss on December 22, 2009.  (Doc. No. 10.)  Miller filed his response to the Motion to Dismiss by both Defendants on January 11, 2010.  (Doc. No. 15).  Miller then filed an Amended Complaint on January 13, 2010, and a supplement to his Amended Complaint on January 14, 2010, in which he only alleged four counts: (1) civil conspiracy, (2) violation of the FDCPA, (3) breach of contract, and (4) defamation.  (Doc. Nos. 16 & 17.)  Subsequently, all Defendants filed renewed Motions to Dismiss the Amended Complaint based on arguments presented in their

original motions to dismiss. (Doc. Nos. 19 & 21.)[2]  Plaintiff then filed a Motion for Leave to File Second Amended Complaint (Doc. No. 26) on March 1, 2010, in which he only asserted the violation of the FDCPA claim and defamation claim.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Nevertheless, the Supreme Court had directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

---

[2] Miller also filed an attorney grievance against Bruce Miller, an attorney for the debt collection agency hired by BOA to recover the $3,000.00, for alleged misconduct.  It appears that the grievance committee found no misconduct had occurred.

<u>**Analysis**</u>

Defendants, TR and Bruce Miller, filed joint Motions to Dismiss and BOA filed a separate Motion to Dismiss.  However, all Defendants allege two grounds for dismissal of the complaint: (1) *res judicata* and (2) failure to state a claim upon which relief could be granted. Moreover, although Defendants have filed several motions to dismiss, they all assert the same basis for dismissal.  Accordingly, the Court will address all pending motions to dismiss below.

**A.  *Res Judicata***

Defendants assert that Plaintiff's claims are barred by *res judicata*. *Res judicata* bars a plaintiff from asserting claims that were already litigated or could have been litigated in a prior suit.  *Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 684 (D. Md. 2009).  The Fourth Circuit has stated that "generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered."  *Id.* (quoting *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 161-62 (4th Cir. 2008)).  Therefore, this Court must apply Maryland state law on claim preclusion.  Under Maryland law, *res judicata* requires that: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the earlier suit."  *Hall*, 608 F. Supp. 2d at 684.  Under Fourth Circuit precedent, the term "privity" refers to "a person so identified in interest with another that he represents the same legal right."  *Id.* at 685. Claims are identical under Maryland law when the instant cause of action "arises from the same transactions or series of transactions" as the prior case. *Wilson*, 519 F.3d at 162.

First, it is unquestionable that BOA and Miller were both parties in the state court action. As legal counsel for BOA in the state court collection action, TR and its employees have a

sufficiently close interest with BOA to establish privity.  *Green v. Ford Motor Credit Co.*, 828 A.2d 821 (2003) (holding that a law firm, acting as collection agency and legal counsel in a state court collection suit, was entitled to privity in a subsequent suit by borrower arising from the collection proceedings because it "met the identity of interest requirement").  As this case is virtually identical to *Green*, this Court finds that TR has privity with BOA, thus satisfying the first requirement of *res judicata*.  Second, Miller's claims in this action stem from the Defendants' efforts to collect the money from the same check at issue in the present suit, and thus he could have raised those claims in the prior litigation.  *Hall*, 608 F. Supp. 2d at 685. While Miller argues he would have been barred from raising these counterclaims because of the $25,000 jurisdictional limit of the district court in the state of Maryland, he failed to even attempt to raise these claims at the district level or to request a transfer to a Maryland circuit court. Moreover, an Entry of a Consent Judgment is considered to be a final judgment on the merits. *Weiner v. Fort*, 197 Fed. Appx. 261 (4th Cir. 2006).  Miller also responds that he failed to receive notice of the default judgment.  However, as held by this Court in *Sheahy*, *res judicata* also bars Miller's claim that the collection practices were invalid because such an argument seeks to "negate, contradict, . . . and nullify the [prior] default judgment."  *Sheahy v. Primus Auto. Fin. Serv. Inc.*, 284 F. Supp. 2d 278, 283 (D. Md. 2003) (holding that the doctrine of *res judicata* barred a plaintiff from claiming in a subsequent lawsuit insufficient notice of default judgment and coercion by defendants in a prior collection action in state court).  Thus, this Court grants the Defendants' motion to dismiss on the ground that Miller's claims are barred by the doctrine of *res judicata*.[3]

---

[3] As the Court is satisfied that all of the Plaintiff's claims are barred by *res judicata*, dismissal is appropriate on that ground alone.  Accordingly, the Court will not address Defendants' argument that Plaintiff fails to state claims upon which relief could be granted.  Moreover, all other motions are denied as moot.

**<u>Conclusion</u>**

For the reasons articulated above, the Court **GRANTS** Defendants' Motions to Dismiss (Doc. Nos. 5, 10, 19, and 21) because Miller's claims are barred under the doctrine of *res judicata*.  Additionally, the Court **DENIES AS MOOT** the Defendants' Motion for Protective Order (Doc. No. 4) and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 26).  A Separate Order shall follow this Memorandum Opinion.


    April 12, 2010                                  /s/
        Date                          Alexander Williams, Jr.
                                      United States District Court Judge